[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, William Robyn, a minor, acting by his father, Peter Robyn, has filed a four count amended complaint against the defendants, Nolan Palmer-Smith, also a minor, and his mother, Mern Palmer-Smith. The plaintiff alleges in the first count of the complaint that while at the home of the defendants in Wilton, the minor defendant, Nolan, "consumed hallucinogenic substances" and then kicked, punched and beat him, which caused the plaintiff to sustain personal injuries. The plaintiff further alleges that the defendant Nolan acted negligently because he "grossly misjudged the actions and needs" of the plaintiff.
In the second count of the complaint, the plaintiff alleges that Nolan's mother was negligent in failing to control her son's "abuse of illegal substances." In the third count, the plaintiff alleges that the minor defendant acted in a wilful or malicious manner and that his mother was therefore subject to liability in accordance with General Statutes § 52-572. In the fourth count of the amended complaint, the plaintiffs add a cause of action against a third defendant, Christopher Morin, on the basis that this defendant sold hallucinogenic substances to the minor defendant, Nolan Palmer-Smith. CT Page 11168
Both Palmer-Smith defendants filed apportionment complaints against Morin under the authority of General Statutes § 52-102b. The apportionment defendant, Morin, has moved (#128; short calendar, June 12, 2000, col. 6, pos. 55) to strike the apportionment complaint filed by the minor plaintiff on the ground that apportionment is applicable only to negligence cases brought pursuant to General Statutes § 52-572h, and that the complaint in this case concerns a wilful and malicious assault.
A motion to strike, Practice Book § 10-39, is used to test the legal sufficiency of a pleading. The first two counts of the complaint sound in negligence. Although the plaintiff may well have difficulty sustaining this theory at later stages of this case, in terms of a motion to strike, the complaint is to be construed in favor of the non-movant.Waters v. Autori, 236 Conn. 820, 825-26, 676 A.2d 357 (1996). Furthermore, "for the purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994).
The plaintiff has spelled out, for purposes of this motion to strike, a cause of action in negligence against the minor defendant and his mother. Thus, the case is a "negligence" case under General Statutes § 52-572h, to which an apportionment complaint is applicable pursuant to General Statutes § 52-102b.
Accordingly, the apportionment defendant's motion to strike is denied.
So Ordered.
William B. Lewis, Judge